UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHARLES HARRIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 2:16-cv-00088-JMS-MJD |
| | ) |
| BRIAN SMITH SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Charles Harris for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 15-11-0560. For the reasons explained in this Entry, Harris's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On November 20, 2015, Charles Worsham issued a Report of Conduct charging Harris with a trafficking in violation of Code A-113. The Report of Conduct states:

> On November 20th at approximately 7:30 a.m. I was unable to locate offender Harris. I stepped outside where I saw offender Harris returning around the corner of another building carrying a brown paper bag wadded up like trash. The offenders have been instructed not to wander through the facility unsupervised. I asked offender Harris what he was doing. He said he was getting his lunch. His lunch was nowhere near that building. He then said he was picking up trash. I took the contraband from offender Harris and instructed him and the others to return to the van. The paper bag contained multiple tightly wrapped packages and was given to Brady Givens, Park Manager before I returned the crew to PCF-IRO.

Brady Givens emailed Vedora Hinshaw at the Department of Correction as follows:

> Almost immediately after arriving at the property this morning Charles "Zac" Worsham, who supervises our DOC crew here at Fort Harrison SP observed one of the offenders retrieving an object from near the Service Area fence. He confronted the individual and asked him what he was doing. According to Zac he noticed that the offender had a paper bag in his hand which he claimed was trash. Zac took possession of this item and called our office for assistance. I arrived and spoke with Zac, at which time he explained what was going [on]. I took passion [sic] of the item, and instructed him to return the crew to the facility immediately. I then contacted our Conservation Officers and informed them of the situation. They will be out to take passion [sic] of the item a soon as they are available. Next I called the Pendleton Facility to make them aware [of] the situation.

Harris was notified of the charge on November 25, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Harris did not request any witnesses or evidence.

The Hearing Officer conducted a disciplinary hearing on December 1, 2015. The Hearing Officer noted Harris' statement, "Was doing my job the best I could, to pick up trash, I thought that is what I was doing." Relying on the staff reports and the statement of the offender, the Hearing Officer determined that Harris had violated Code A-113. The sanctions imposed included a written reprimand, a 30-day phone restriction, and the deprivation of 90 days of earned credit time. The

Hearing Officer imposed the sanctions because of the seriousness of the offense and the degree to which the violation disrupted or endangered the security of the facility

Harris's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Analysis**

Harris challenges the disciplinary proceeding arguing that the screening officer denied requested evidence, that there is a variance between the charge and the conduct report, and that the evidence is not sufficient to sustain the conviction.

1. *Denial of Evidence*

Harris first argues that he was denied requested evidence, but he does not state what evidence he requested. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011). Harris has not shown what evidence he sought to present at the hearing that was not presented and also has not shown that any such evidence would have been exculpatory. He has therefore failed to show that his due process rights were violated with respect the denial of evidence.

2. *Conduct Report*

Harris next argues that the conduct report was unclear with regard to what he was accused of trafficking. Due process requires adequate notice, which gives the charged party a chance to marshal the facts in his defense and to clarify the charges. *Wolff*, 418 U.S. at 564. Adequate notice need only include "the number of the rule violated . . . and a summary of the facts underlying the charge." *Whitford v. Boglino,* 63 F.3d 527, 534 (7th Cir. 1995) (per curiam). Measured against this standard, the notice given to Harris through the conduct report and the report of investigation was entirely adequate to inform him that he faced the charge of attempting to traffic and that the basis of the charge was his being caught unsupervised carrying a brown paper bag containing multiple tightly wrapped packages. This is sufficient to provide him adequate notices of the charges.

3. *Sufficiency of the Evidence*

Finally, Harris challenges the sufficiency of the evidence against him. He argues that his job is to pick up trash and he was found guilty of doing his job.

In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir.

1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786.

Here, the evidence is sufficient to support the disciplinary conviction. The conduct report states that Harris was caught retrieving a brown paper bag containing multiple tightly wrapped packages. Harris was unsupervised at the time although he was instructed not to wander unsupervised. He initially stated he was picking up his lunch and then changed his story to say he was picking up trash. This is sufficient to support the disciplinary decision and the Court will not reweigh the evidence.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Harris to the relief he seeks. Accordingly, Harris's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: October 5, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Charles Harris
196481
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

All electronically registered counsel